IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD J. YONKOSKI, | : | Civil No. 1:25-CV-01333 |
| Plaintiff, | : | |
| v. | : | |
| LACKAWANNA COUNTY, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Presently before the court is a complaint filed by Ronald J. Yonkoski ("Plaintiff"), a pretrial detainee housed at the Lackawanna County Correctional Facility, bringing a constitutional challenge under 42 U.S.C. § 1983 and under the Federal Tort Claims Act ("FTCA"). (Doc. 1.) Plaintiff is a self-represented litigant and has applied to proceed *in forma pauperis*. (Docs. 2, 6.) The court will grant Plaintiff's motions to proceed *in forma pauperis*, file the complaint, dismiss the complaint without prejudice, and grant Plaintiff leave to file an amended complaint.

### BACKGROUND

On July 21, 2025, the court received and docketed Plaintiff's complaint in the above-captioned action. (Doc. 1.) This complaint names two Defendants: Lackawanna County and Dairy Pure. (*Id.*) Plaintiff sets forth multiple allegations concerning the conditions of his confinement, but he does not identify specific

1

actions of the named defendants in his alleged facts.  (*Id.*)  Under legal claims, Plaintiff states "Please help me get the medical treatment I need."  (*Id.*)

Plaintiff filed two motions to proceed *in forma pauperis* and a prisoner trust fund account statement.  (Docs. 2, 6, 9).  The court will grant Plaintiff's motions to proceed *in forma pauperis* and screen the complaint.

### JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred in Lackawanna County, Pennsylvania, which is located in this district.  *See* 28 U.S.C. § 118(b).

### STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"  The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).  The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

**DISCUSSION**

**A. The Section 1983 Claims Will Be Dismissed Without Prejudice.**

On the complaint form, Plaintiff indicates that he is raising claims under 42 U.S.C. § 1983. (Doc. 1.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

Plaintiff's complaint fails to allege the personal involvement of either of the named defendants. Therefore, he cannot establish that either of the named defendants had personal involvement in the alleged conditions of confinement complaints. The court will dismiss all claims under Section 1983 without prejudice.

Furthermore, Plaintiff names Lackawanna County as the defendant. (Doc. 1.) The Supreme Court has held that, while municipal bodies may not be sued

solely for violations perpetrated by its employees or agents, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978). Therefore, even allegations of personal involvement of Lackawanna County would not rise to the level of a Section 1983 claims without alleging its policy or custom was the source of the alleged violations.

  **B. The FTCA Claims Will Be Dismissed With Prejudice.**

  Plaintiff also indicates that he is seeking to raise claims under the FTCA. (Doc. 1.) "The FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674. "The FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances.'" *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004) (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962)).

  Here, Plaintiff was held at a county facility and is suing the county and a company. (Doc. 1.) Nothing in the complaint gives rise to claims against the United States. Therefore, the claims raised under the FTCA will be dismissed with prejudice.

## CONCLUSION

For the above-stated reasons, the court will grant Plaintiff's motions to proceed *in forma pauperis*, file the complaint, and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The court will grant Plaintiff leave to file an amended complaint to cure the above stated pleading defects.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: December 4, 2025